**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

DANTE G. FREDRICK,

        Plaintiff,

        v.

STANLEY WILLIAMS,

        Defendant.

CIVIL ACTION NO.: 6:16-cv-73

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Valdosta State Prison in Valdosta, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983, contesting certain conditions of his confinement while he was housed at Georgia State Prison in Reidsville, Georgia. (Doc. 1.) For the reasons that follow, the Court **DENIES** Plaintiff's Motion to Proceed *In Forma Pauperis* before this Court, (doc. 2). Further, I **RECOMMEND** that the Court **DISMISS** Plaintiff's Complaint, **DISMISS as moot** Plaintiff's Motion for Preliminary Injunction, (doc. 3), **CLOSE** this case, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

## PLAINTIFF'S ALLEGATIONS

Plaintiff filed this action against Defendant regarding a slew of alleged constitutional violations that occurred while he was at GSP. (Doc. 1.) In his Complaint, Plaintiff alleges that Defendant Williams put into place several policies that denied Plaintiff access to the courts and reduced programs that allowed Plaintiff to meet his parole requirements. Additionally, Plaintiff alleges that he was wrongfully deemed a high ranking gang member and placed in involuntary segregation. He also states that prison officials exposed him to other gang members by

misclassifying him as a high security prisoner. He makes allegations about other inmates tying him up while he was at Smith State Prison. Additionally, Plaintiff alleges that: he faces discrimination from prison officials; he has to smell feces and urine from his toilet because all the buttons have been taken out; the cells have no fire sprinklers or emergency call buttons; suicide is rampant; and that there are deaths from medical issues.

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without

2

arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

**DISCUSSION**

**I.      Dismissal Under Section 1915(g)**

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915.  28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Furthermore, dismissals for providing false filing-history information and failing to comply with court orders both fall under the category of "abuse of the judicial process," which the Eleventh Circuit has held to be a "strike-worthy" form of dismissal under § 1915(g).  See Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1544 (11th Cir. 1993) (characterizing failure to comply with court orders as "abuse of the judicial process").  Section 1915(g) "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals."  Rivera, 144 F.3d at 731.  The Eleventh Circuit upheld the constitutionality of Section 1915(g) in Rivera.  In so doing, the Court concluded that Section 1915(g) does not violate the doctrine of separation of powers, nor does it violate an inmate's rights to access to the courts, to due process of law, or to equal protection.  Rivera, 144 F.3d at 721–27.

A review of Plaintiff's history of filings reveals that he has brought numerous civil actions or appeals which were dismissed and appear to count as strikes under Section 1915(g).  A non-exhaustive list of these cases includes the following:

- Fredrick v. Danforth, et al., No. 3:14-cv-162 (S.D. Ga. April 27, 2015) (dismissal for failure to truthfully disclose litigation history);

- Fredrick v. Hooks, et al., No. 3:14-cv-153 (S.D. Ga. May 18, 2015) (dismissal for failure to follow court orders and failure to prosecute); and

- Fredrick v. Scarlett, et al., No. 2:15-cv-135 (S.D. Ga. Dec. 9, 2015) (dismissal for failure to state a claim).

Because Plaintiff has filed at least three previously dismissed cases or appeals which qualify as strikes under Section 1915(g), Plaintiff may not proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to Section 1915(g).

"In order to come within the imminent danger exception, the Eleventh Circuit requires 'specific allegations of present imminent danger that may result in serious physical harm.'" Odum v. Bryan Cty. Judicial Circuit, No. CV407-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (quoting Skillern v. Jackson, No. CV606-49, 2006 WL 1687752, at *2 (S.D. Ga. June 14, 2006) (citing Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004))). General and conclusory allegations not grounded in specific facts indicating that injury is imminent cannot invoke the Section 1915(g) exception. Margiotti v. Nichols, No. CV306-113, 2006 WL 1174350, at *2 (N.D. Fla. May 2, 2006). "Additionally, 'it is clear that a prisoner cannot create the imminent danger so as to escape the three strikes provision of the PLRA.'" Ball v. Allen, No. 06-0496, 2007 WL 484547, at *2 (S.D. Ala. Feb. 8, 2007) (citing Muhammad v. McDonough, No. CV306-527-J-32, 2006 WL 1640128, at *1 (M.D. Fla. June 9, 2006)).

Plaintiff's Complaint makes no allegations about an imminent risk of physical danger, much less any facts supporting such an allegation. Although Plaintiff mentions that he was

exposed to gang violence because of his alleged misclassification as a high ranking gang member, Plaintiff also clearly states that GSP moved him to involuntary segregation to protect him from these threats. (Doc. 1, p. 6.) Additionally, while Plaintiff makes some allegations regarding prison conditions, his conclusory allegations do not plausibly set forth a sufficiently specific harm to meet the imminent risk exception. Therefore, Section 1915(g) provides further grounds for the Court to deny him leave to proceed *in forma pauperis* and to **DISMISS** this case.[1]

## II.    Dismissal for Failure to State a Claim

In order to state a claim for relief under Section 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. Moreover, the Eleventh Circuit has stated that the district courts are not required to "sift through the facts presented and decide for itself which were material to the particular cause of action asserted." Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 372 (11th Cir. 2005) (quoting Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 n.9 (11th Cir. 2002) (citations omitted)).

In this case, Plaintiff does not provide sufficient facts to allow the Court to know precisely who committed which violations, when they occurred, and at which prison they

---

[1] Plaintiff can also be barred for abuse of judicial process. In his Complaint, Plaintiff indicates that he has brought other lawsuits in federal court, but instead of providing details, he writes that he "can't remember them all most were voluntary dismissed or dismissed filing as a pro se litigant not really knowing what I was doing at time [sic]. I'm leaving sections blank cause I don't want to make no mistakes[.]" (Doc. 1, p. 3.) However, when asked whether any suit was dismissed for being frivolous, malicious, or failed to state a claim, Plaintiff does not leave the section blank, he specifically marks "No." (Id.)

occurred. Plaintiff provides a litany of complaints that occurred over a series of time and ranges from access to courts to malfunctioning toilets. This failure to state a claim provides another independent basis for the Court to dismiss this action.

**III.     Leave to Appeal *In Forma Pauperis***

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[2]   Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

---

[2]  A certificate of appealability is not required in this Section 1983 action.

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Procced *in forma pauuperis*. I **RECOMMEND** that the Court **DISMISS** this case, **DISMISS as moot** Plaintiff's Motion for Preliminary Injunction, (doc. 3), and **DENY** Plaintiff leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED**

to serve a copy of this Report and Recommendation upon the Plaintiff.

        **SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 26th day of July, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA